JESSE A. HOWLAND, PLAINTIFF, v. CITY OF ASBURY PARK, DEFENDANT.

Submitted May 18, 1929—Decided March 4, 1930.

Before GUMMERE, CHIEF JUSTICE, and Justices KALISCH and CAMPBELL.

For the rule, *James D. Carton.*

*Contra, Theodore D. Parsons.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. In September, 1922, the plaintiff and defendant entered into a contract by the terms of which the former agreed to construct a jetty for the defendant eight hundred feet in length, running diagonally out into the Atlantic ocean. The contract price to be paid by the defendant was $100,000 and the payment thereof was to be made as follows: As the construction of each one hundred feet was finished the city was to pay the plaintiff sixty per cent. of one-eighth part of the total contract price, and was to withhold the remainder thereof until the sand had filled up along the beach front immediately south of and adjacent to the jetty to a height of eighteen inches above high-water mark, and as the beach should attain this level at each succeeding section of one hundred feet of completed jetty, the forty per cent. retained should become due and payable to the contractor. The building of the jetty was entirely completed about the 1st of July, 1923; and in October of that year a heavy storm struck Asbury Park and very severely damaged the jetty. At the time of this storm a part of the beach front embraced in the contract had not been entirely filled up with sand to a height of eighteen inches above high-water mark; and the partial destruction of the jetty was not remedied by the city for several years after the storm, thus preventing thereafter the natural deposit of sand on the beach. In this situation the city withheld the payment of the forty per cent. of the price for three of the sections, and refused to pay it, although requested to do so by the plaintiff from time to time. The plaintiff finally brought the present action claiming that he is entitled to be paid the forty per cent. retained by the city because of the fact that the work of constructing the jetty was completed; that the time for the filling up of the beach eighteen inches above high-water mark had not expired at the time of the occurrence of the storm referred to; and that if the municipality had repaired the jetty promptly the beach would have filled up to the height specified within a reasonable time thereafter.

The defendant denied the right of the plaintiff to recover the unpaid portion of the contract price, upon the theory that by the terms of the contract, as it alleged, the plaintiff forfeited his right to the money retained by the city unless the portion of the beach designated in the contract was filled up to the required height either by natural causes or by the work of the contractor within sixty days after the completion of the jetty; and that as the storm of October did not occur until after the lapse of the sixty-day limit, the fact that thereafter and until the jetty was repaired by the city there had been only a small deposit of sand upon the beach at the place indicated because of the failure to repair, was entirely immaterial so far as its obligation to pay the plaintiff was concerned. The jury after hearing the testimony in the case awarded the plaintiff the unpaid balance of the contract price with interest thereon, and the defendant now seeks to have that award set aside upon the ground that it is contrary to the weight of the evidence.

Our examination of the proofs bearing upon this phase of the plaintiff's case leads us to the conclusion that the jury was justified in its award. The claim that the right of the plaintiff to recover the unpaid portion depended upon whether or not the beach adjacent to the jetty filled up to the specified height within sixty days after the completion of the jetty, is not justified by the contract as we read it. In other words, the contract contains no such provision. The only section of that instrument which bears upon this phase of the case reads as follows: "In the event that the beach is not built up to the aforesaid eighteen inches above mean high-water mark in the manner aforesaid, the contractor is to forfeit to the city of Asbury Park the forty per cent. retained by the board of commissioners. Before the said forfeiture becomes absolute the contractor will be allowed sixty days' grace, in which time or any reasonable extension thereof that may be granted to the contractor by said board of commissioners, should the beach be formed to the aforesaid level above mean high water, then the money so retained by the board of commissioners shall be paid over to the contractor." This pro-

vision of the contract fixes no period within which the beach shall be built up to the specified height. In the absence of any such provision the contractor is allowed a reasonable time within which this shall be done either by natural causes or by himself, and he is entitled to sixty days' notice after the expiration of such reasonable period within which he will be required to see to it that the beach will be built up to the requisite height. The proofs disclose that no complaint was made by the city prior to the storm of October, 1923, to the contractor; that there was no breach of his contract because of the. failure to raise the beach to the specified limit subsequent to the completion of the jetty; and that no notice was ever given to him that unless he caused the beach to be raised in accordance with the terms of the contract within sixty days thereafter, his right to the forty per cent. retained by the board of commissioners should thereupon become forfeited. In this situation we conclude that the claim of the city of a right to enforce a forfeiture of the unpaid balance due the plaintiff on his contract (even if it be assumed that such right was not extinguished by the failure of the city to repair the jetty within a reasonable time after its partial destruction, thereby preventing to some extent the natural deposit of sand upon the designated portion of the beach) was without legal basis, and that the award of the jury for the payment of that amount with interest was entirely justified by the evidence.

The plaintiff also, by this suit, sought to recover com pensation for a loss of many thousand dollars sustained by him by reason of a false representation made in the specifications with relation to the depth of the ocean at the place of the location of the jetty. The specifications attached to the contract stated that the "soundings" mentioned therein had been obtained in June, 1922. The proofs showed that they had been made many years earlier and, at the time of making the contract, were much deeper than those specified. The plaintiff claims that by reason of this misstatement of the depth of the soundings he was required to expend a very much larger sum than the cost of constructing the jetty, as estimated, because of the necessity of purchasing for use in

such construction many thousand more tons of broken stone, and that he was compelled to do this because of the false representation relating to the soundings; and that he is entitled to be reimbursed by the city for the moneys thus expended.

We think this contention is without legal support. The twenty-sixth section of the contract provided as follows: "The total amount of material to be used will depend upon conditions which the contractor must determine to his own satisfaction by actual examination of the site of the proposed work, either by soundings or other measurements, and reference to the plans covering the proposed structure." The contract further provided that: "If the contractor considers any work required of him to be outside the requirements of the contract, he shall ask for written instructions or decision immediately and then file a written protest with the engineer against the same within five days thereafter." The proofs showed that the contractor never made any claim to the municipality that the supplying of this extra material made necessary by the fact that the ocean bed was deeper than was represented by the specifications, imposed upon him the burden of doing work outside of the requirements of the contract, and that he was entitled to extra compensation therefor. On the contrary, he completed his work, accepted the payments which fell due from time to time without any suggestion that he was entitled to receive from the municipality more than the contract price.

In view of the provisions of the contract just referred to and of the action of the contractor with relation thereto, we conclude that the verdict of the jury which awarded to the plaintiff compensation for the extra work and material done and furnished by him, and which he claimed was not embraced within the contract, should be set aside.

The rule to show cause, so far as it relates to the right of the plaintiff to be paid the portion of the contract price withheld by the city, will be discharged; and, so far as it relates to the claim of the plaintiff to be paid moneys in excess of the price fixed by the contract, will be made absolute.